# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN L. HARRISON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:15CV631 AGF |
| JENNIFER SACHSE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.1000572), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.73. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.66, and an average monthly balance of $1.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.73, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at MECC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Jennifer Sachse (Warden); Unknown Hawthorn (Correctional Officer); Unknown Gall (Correctional Officer); and Unknown Williams (Doctor, Corizon, Inc.).

Plaintiff asserts that he was working in the food service area at MECC on December 17, 2014, when he got into a verbal altercation with defendant Gall. Plaintiff claims that defendant Gall sprayed him in the face and nostrils with pepper spray and defendant Hawthorn roughly cuffed his arms behind his back and bent them in such a way to cause pain. Plaintiff claims that he kept telling the officers that he could not breathe with the pepper spray in his nose and mouth, but the officers failed to respond, continued to verbally threaten him and attempted to push him towards "Ad Seg. 5 House."

Plaintiff claims he was attempting to spit pepper spray from his mouth on the way to the Administrative Segregation cell and defendant Hawthorn became enraged that he was spitting and threw him on the ground into the gravel, face-first, pushing his face into the gravel and concrete. Plaintiff claims this caused a severe loss of skin on his face and aggravated a prior gunshot wound that had previously injured his face. Plaintiff asserts that he was then placed in an Administrative Segregation Cell with no running water or towels to wash the pepper spray from his face or nostrils or hands. Plaintiff states that he asked defendants Hawthorn and Gall repeatedly for water and towels to wash his face and hands, as well as for medical care. He was told to use the toilet water to wash with.

Plaintiff asserts that he then asked to see Dr. Williams, and Dr. Williams refused to see him. Thus, plaintiff believes that Dr. Williams was deliberately indifferent to the severe injuries on his face, including the injuries to his nose and mouth from the pepper spray, as well as the reopened wounds on his face and upper torso from being forced onto the gravel by defendant Hawthorne.

Plaintiff claims he filed an "IRR" on the excessive force relating to the two events in a timely fashion but that he was told by the "Administration" that they lost his IRR due to "court

outcount." Plaintiff asserts that he then filed his "second step" in his grievance process in order to properly exhaust his administrative remedies.

Plaintiff brings this action against the four defendants both in their individual and official capacities. He seeks a declaration that he attempted fully to exhaust his administrative remedies[1], as well as compensatory damages and punitive damages.

**Discussion**

Plaintiff has named Defendants in both their official and individual capacities. Plaintiff's claims against the MECC defendants in their official capacities – Sachse, Hawthorn and Gall–are subject to dismissal. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are "persons" under § 1983." *Id.* As a result, Plaintiff's claims against Defendants Sachse, Hawthorn and Gall, in their official capacities, are subject to dismissal.

Similarly, Plaintiff's claim against Defendant Williams, in his official capacity is also subject to dismissal. To state a claim against Defendant Williams in his official capacity, Plaintiff must allege that a policy or custom of Corizon, Inc. is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon, Inc. was responsible for the alleged violations of plaintiff's constitutional rights. As a result, Plaintiff's claim against defendant Williams in his official capacity is subject to dismissal.

Next, the Court will turn to Plaintiff's claim against Defendant Sachse in her indidivual capacity. Plaintiff alleges that Defendant Sachse should be held liable in this action because she

---
[1]Failure to exhaust is an affirmative defense required to be plead by defendants. *Jones v. Bock,* 549 U.S. 199 (2007).

was the Superintendent/Warden and she is "legally responsible for the operation of MECC." He also asserts that he believes she has "not investigated the alleged events complained of . . . and has denied plaintiff meaningful investigative process . . . and this violates plaintiff's right to due process." Plaintiff, however, has not indicated that Defendant Sachse was personally involved in any of the alleged events wherein he was allegedly denied his constitutional rights. For example, he does not allege that Defendant Sachse personally responded to any of his grievances or to any of the appeals he filed, nor does he allege that Defendant Sachse was involved in the alleged wrongful conduct outlined above. Plaintiff's assertions sound in respondeat superior which is unavailable under 42 U.S.C. § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff fails to allege the defendant was personally involved in or directly responsible for incidents that injured the plaintiff). As a result, Plaintiff's allegations against Defendant Sachse fail to state a claim upon which relief may be granted and she is subject to dismissal.

The Court next looks to Plaintiff's claims for excessive force, under the Eighth Amendment, against Defendants Hawthorn and Gall. Plaintiff alleges two instances of excessive force against defendants: (1) the alleged macing and forcible restring by Defendants in the kitchen area and (2) the alleged restraint/throwing Plaintiff to the ground which purportedly caused injuries to his face and torso on his way to the Administrative Segregation Unit. The Court believes that Plaintiff has alleged enough facts to state a claim for an excessive use of force under the Eighth Amendment against Defendants Hawthorn and Gall in their individual capacities. The Court will require the Clerk to issue process on these claims.

Plaintiff also seeks to bring a deliberate indifference to his serious medical needs against Defendants Hawthorn and Gall and Williams for failing to provide him with medical care necessary to relieve the pain and suffering he received from the pepper spray and the injuries he received to his face and torso. As alleged, the Court believes Plaintiff has stated enough to state a claim for deliberate indifference to his serious medical needs against all three Defendants in their individual capacities. As such, the Court will require the Clerk to issue process on defendants on these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Hawthorn (Correctional Officer, MECC), Unknown Gall (Correctional Officer, MECC) and Unknown Williams (Doctor, Corizon, Inc.) in their individual capacities. Defendants Unknown Hawthorn and Unknown Gall shall be served according to the waiver agreement this Court maintains with the Missouri Attorney General's

Office. Defendant Unknown Williams shall be served in accordance with the service agreement this Court maintains with Corizon, Inc.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants Unknown Hawthorn (Correctional Officer, MECC), Unknown Gall (Correctional Officer, MECC) and Unknown Williams (Doctor, Corizon, Inc.) shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Defendant Jennifer Sachse because, as to this Defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Plaintiff's claims against Defendants in their official capacities because these claims fail to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of June, 2015.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE