UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN L. HARRISON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV631 AGF |
| | ) | |
| JENNIFER SACHSE, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel, as well as his request for a Court order relating to his inmate account. The Court will address each of plaintiff's requests in turn.

Plaintiff, an inmate at Missouri Eastern Correctional Center ("MECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant correctional officers Hawthorn and Gall subjected him to excessive force in violation of the Eighth Amendment. Plaintiff also asserts that Dr. Williams and the correctional defendants were deliberately indifferent to his serious medical needs, also in violation of the Eighth Amendment.

In plaintiff's motion for appointment of counsel, he states that he has made diligent efforts to retain counsel but because of his poverty, he has been unable to do so. The Court acknowledges that plaintiff is proceeding in forma pauperis in this matter, and that plaintiff is incarcerated and has limited access to legal materials in prison. However, there is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented

non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous allegations in his complaint, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex at this juncture in this case. As such, the Court will not appoint counsel at this time. Plaintiff's motion for counsel will be denied, without prejudice.

Plaintiff seeks an order from this Court relating to funds taken from his inmate account for a "fan." He asserts that $2.50 was taken from his account for a fan that was never provided to him and as a result of this deduction from his account he has been unable to pay the initial partial filing fee of $1.73 in this case. Plaintiff has not provided the Court with an updated account statement in this case to illustrate the aforementioned. Without a copy of the account statement, the Court cannot proceed with plaintiff's request to either reduce his partial filing fee or seek action from the Missouri Department of Corrections relative to the deduction for the fan plaintiff states he never received. As such, plaintiff's request for court order will be denied, without prejudice, with leave for plaintiff to refile his request with the accompanying account statement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #15] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's request for court order relative to his inmate funds [Doc. #14] is **DENIED without prejudice, with leave to refile with a copy of his inmate account statement.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.73 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

Dated this 26th day of August, 2015.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE