UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN L. HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV631 AGF |
| | ) |
| JENNIFER SACHSE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

In this prisoner civil rights case, defendants Jeffrey Hawthorn and Rocky Gall filed a motion to dismiss on the ground that plaintiff failed to properly exhaust his available administrative remedies.[1] [Doc. #25]. Shortly thereafter, defendant John Williams, M.D., filed a motion for summary judgment, based on plaintiff's failure to exhaust his administrative remedies with respect to his claims against defendant Williams. [Doc. #28]. Plaintiff has replied to defendants' Hawthorn's and Gall's motion to dismiss; however, he has not responded to defendant William's motion for summary judgment. Plaintiff's time for filing any additional response briefs has passed.

Based on the foregoing, the Court will grant defendants' Hawthorn's and Gall's motion to dismiss plaintiff's claims against them based on plaintiff's failure to exhaust his prison remedies with respect to those claims. In addition, the Court will grant defendant Williams' motion for

---

[1]Defendants Hawthorn and Gall have alternatively moved to dismiss plaintiff's claims against them in their official capacities pursuant to the doctrine of Eleventh Amendment Immunity. Further, defendants Hawthorn and Gall have moved to dismiss plaintiff's claims against them in their individual capacities on the basis of qualified immunity. As noted below, plaintiff's claims against Hawthorn and Gall in their official capacities were dismissed by this Court in its 28 U.S.C. § 1915 review on June 23, 2015. *See* Docket Nos. #6 and #7.

summary judgment based on plaintiff's failure to exhaust his prison remedies with respect to his claims against defendant Williams.

**Legal Standards**

To survive a motion to dismiss under Rule 12(b)(6), "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted). "While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Id.* (quotations and citations omitted).

Rule 56(c) provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence,

showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). *Anderson,* 477 U.S. at 257; *City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

**Background**

Plaintiff, who is currently incarcerated at the Missouri Eastern Correctional Center ("MECC"), brought this action under 42 U.S.C. § 1983 for alleged deliberate indifference to serious medical needs. At all times relevant to the allegations in the complaint, plaintiff was incarcerated at MECC. Defendants Hawthorn and Gall are correctional officers there, and defendant Williams is a doctor employed by Corizon, Inc., who was providing medical care to inmates at MECC during the relevant time-frame.

In the body of his complaint, plaintiff asserts that he was working in the food service area at MECC on December 17, 2014, when he got into a verbal altercation with defendant Gall. Plaintiff claims that defendant Gall sprayed him in the face and nostrils with pepper spray and defendant Hawthorn roughly cuffed his arms behind his back and bent them in such a way to cause pain. Plaintiff claims that he kept telling the officers that he could not breathe with the pepper spray in his nose and mouth, but the officers failed to respond, continued to verbally threaten him and attempted to push him towards "Ad Seg. 5 House."

Plaintiff claims he was attempting to spit pepper spray from his mouth on the way to the Administrative Segregation cell and defendant Hawthorn became enraged that he was spitting and threw him on the ground into the gravel, face-first, pushing his face into the gravel and concrete.

Plaintiff claims this caused a severe loss of skin on his face and aggravated a prior gunshot wound that had previously injured his face. Plaintiff asserts that he was then placed in an Administrative Segregation Cell with no running water or towels to wash the pepper spray from his face or nostrils or hands. Plaintiff states that he asked defendants Hawthorn and Gall repeatedly for water and towels to wash his face and hands, as well as for medical care. He was told to use the toilet water to wash with.

Plaintiff asserts that he then asked to see Dr. Williams, and Dr. Williams refused to see him. Thus, plaintiff believes that Dr. Williams was deliberately indifferent to the severe injuries on his face, including the injuries to his nose and mouth from the pepper spray, as well as the reopened wounds on his face and upper torso from being forced onto the gravel by defendant Hawthorne.

Plaintiff claims he filed an "IRR" on the excessive force relating to the two events in a timely fashion but that he was told by the "Administration" that they lost his IRR due to "court outcount." Plaintiff asserts that he then filed his "second step" in his grievance process in order to properly exhaust his administrative remedies.

Plaintiff filed this action against defendants in both their individual and official capacities. However, by Memorandum and Order entered by this Court on June 12, 2015, the Court dismissed plaintiff's claims against defendants in their official capacities. [Doc. #6 and #7]. The Court, however, issued process on two excessive force claims against defendants Hawthorn and Gall in their individual capacities, as well as one claim each of deliberate indifference to medical care, in their individual capacities, against Hawthorn, Gall and Williams pursuant to the Eighth Amendment.

4

In his request for relief in his complaint, plaintiff seeks a declaration that he attempted to fully exhaust his administrative remedies, as well as compensatory damages and punitive damages.

## Discussion

### 1. **Defendant Hawthorn's and Gall's Motion to Dismiss**

Defendants Hawthorn and Gall move to dismiss on the assertion that plaintiff's complaint, on its face, shows that he failed to exhaust his administrative remedies. "The PLRA's exhaustion requirement is not a heightened pleading requirement. The Eighth Circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (citations omitted).

#### a. Exhaustion

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under §1983 "until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)).

Defendants Hawthorn and Gall argue that plaintiff failed to properly exhaust his administrative remedies because he states in his complaint that prior to filing the present action he had only initiated the "First of '3-Tier Process' – I.R.R./Grievance." Plaintiff then states in his complaint that he is ". . .Seeking to exhaust the Administrative Procedure."

Defendants assert, and the law is clear, that plaintiff must exhaust all available administrative remedies **prior** to bringing a § 1983 suit in federal court. *See* 42 U.S.C. §

5

1997(e)(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Thus, the question becomes, what remedies were available to plaintiff prior to bringing his case before this Court?

Defendants, employed by the Department of Corrections, state that the remedies available were the Informal Resolution Request ("IRR), the formal grievance, and the appeal from that grievance. *See also Porter v. Sturm*, 781 F.3d 448 (8th Cir. 2015) (recognizing the steps in Missouri Department of Correction's administrative procedure process). Plaintiff has not disputed this assertion. In his response brief before the Court, he states that he completed each step of this procedure by filing his grievance in April of 2015, and acknowledges that he did not file his grievance appeal until June 19, 2015, well after he filed his complaint in this Court.

An inmate satisfies 28 U.S.C. § 1997(e)(a) by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns*, 752 F.3d at 1141. It does not matter if the plaintiff was able to fully exhaust his administrative remedies after filing the lawsuit against defendants.

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The record, which plaintiff does not dispute, is that plaintiff did not complete the entirety of the administrative process prior to filing his complaint in this Court. As such, defendants Hawthorn and Gall are entitled to dismissal of plaintiff's complaint, without prejudice, on the basis of plaintiff's failure to properly exhaust his prison grievances.

## 2. Defendant Williams' Motion for Summary Judgment

Defendant Williams moves for summary judgment on the basis that plaintiff failed to fully exhaust his prison administrative remedies against him prior to bringing the present lawsuit. Specifically, defendant asserts that plaintiff failed to file any IRRs or grievances against him with respect to the claims in this lawsuit regarding the alleged deliberate indifference to his medical needs that purportedly occurred on or about December 17, 2014.

In support of defendant Williams' claim, he has submitted the entirety of plaintiff's medical grievances filed while at MECC, which defendant Williams claims should include any grievances or IRRs filed by plaintiff against him. Plaintiff has not responded to defendant Williams' motion, and his time for doing so has passed.

When the nonmoving party fails to provide a statement of facts with citations to the record, that party fails to create a genuine issue of material fact. *See id.;* E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

In this instance, plaintiff has failed to file a statement of facts with citations to admissible evidence, and furthermore, he has failed to specifically controvert defendant Williams' statement of facts, which is supported by admissible evidence. As a result, the Court relies on defendant Williams' statement of facts for its factual findings.

Defendant Williams has provided the affidavit of Julie Fipps, the Health Service Administrator for MECC. *See* Def. Williams' Exh. A. [Doc. #29]. Ms. Fipps states that part of her job duties is to handle the medical offender grievance process. Thus, Ms. Fipps has reviewed, as part of her job, all grievances filed against medical staff by plaintiff during his time at MECC.

According to Ms. Fipps, plaintiff filed only one IRR against medical staff, specifically against Dr. Williams, after December 1, 2014. *Id.*

On December 24, 2014, plaintiff filed an IRR against Dr. Williams, stating, "The Corizon Medical Doctor, Dr. Williams, refuses to assess my medical condition overruling my requests for lay-ins as fraudulent. As a result of Corizon Medical Doctor, Dr. Williams' Unprofessionalism I've received a violation in light of the fact my medical records state, I have a bullet and bond fragments and nerve damage to my lower limb/spine/legs."

In the IRR, under the section titled, "Action Requested," plaintiff wrote, "For Corizon Medical Doctor, Dr. Williams, to give me my medical lay-ins as needed to hinder any further violations are [sic] physical pain."

Plaintiff later filed a formal grievance complaining about these same allegations, and then an appeal. The denial of plaintiff's grievance was upheld in a decision issued on August 12, 2015.[2] However, according to Ms. Fipps, and unrefuted by plaintiff, the plaintiff did not file an IRR or any other administrative grievances against Dr. Williams relating to the alleged December 17, 2014 incident. Plaintiff's failure to file an IRR against defendant Williams for his alleged deliberate indifference to his serious medical needs is fatal to his Eighth Amendment claim against him. As such, defendant Williams is entitled to summary judgment on plaintiff's claim against him.

Accordingly,

---

[2] Nothing in the grievance, or in the later grievance appeal documents, mentioned the December 17, 2014 incident with defendants Gall or Hawthorne or the allegations contained in the present lawsuit.

8

**IT IS HEREBY ORDERED** that defendants Gall's and Hawthorne's motion to dismiss [Doc. #25] is **GRANTED**. Plaintiff's claims against defendants Gall and Hawthorne are **DISMISSED without prejudice** due to plaintiff's failure to exhaust his prison remedies.

**IT IS FURTHER ORDERED** that defendant Williams' motion for summary judgment [Doc. #28] is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED that Judgment** is entered in defendant Williams' favor on plaintiff's claims against defendant Williams due to plaintiff's failure to exhaust his prison remedies against defendant Williams. *See* Fed.R.Civ.P.56. Dismissal of plaintiff's claims against defendant Williams is **without prejudice**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of February, 2016.

                                                                              /s/ Audrey G. Fleissig
                                                                              AUDREY G. FLEISSIG
                                                                              UNITED STATES DISTRICT JUDGE