UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN L. HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV631 AGF |
| | ) |
| JENNIFER SACHSE, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL MEMORANDUM AND ORDER

This matter is before the Court on the filing of plaintiff's "Motion in Opposition of Defendant's Motion to Dismissal." [Doc. #36].[1]

The Court notes that due to a clerical error, plaintiff's motion was not docketed by the Court until March 1, 2016. However, it appears to have been received in the Clerk's Office on January 26, 2016.[2] This matter was dismissed by the Court on February 24, 2016, prior to the Court's receipt and consideration of plaintiff's motion in opposition. [Doc. #33 and #34]. Accordingly, the Court will review plaintiff's assertions in opposition to see if they have any impact on the Court's decision to dismiss this matter.

In its prior Memorandum and Order, after a thorough analysis of the record in this matter, the Court found that plaintiff had failed to exhaust all of his prison remedies against defendants Jeffrey Hawthorn and Rocky Gall prior to filing this suit in federal court. *See* 42 U.S.C. § 1997(e)(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). The Court additionally found that defendant had failed to exhaust his prison remedies

---
[1] Attached to plaintiff's motion in opposition is correspondence to this Court regarding the status of plaintiff's case, as well as what could be construed as a request for counsel. As this case has been dismissed, plaintiff's post-dismissal request for counsel will be denied as moot.
[2] Plaintiff's motion in opposition appears to have been placed in the prison mailing system on January 19, 2016.

against defendant Williams prior to bringing the present lawsuit, as he had failed to file any IRRs or grievances against him with respect to the claims in the present lawsuit regarding the alleged deliberate indifference to his medical needs that purportedly occurred on or about December 17, 2014. *Id.*

In the motion in opposition presently before the Court, plaintiff asserts that "no other medical grievance was needed regarding the May 2015 care." Thus, plaintiff's opposition motion appears to be directed at defendant Williams' motion for summary judgment.

Plaintiff cites to Federal Rule of Civil Procedure 15(d) in support of his assertion, with the claim that "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint is filed." The Court is confused by plaintiff's assertions, as the events alleged in the complaint occurred on December 17, 2014. Thus, according to the rules governing the administrative procedure process within the Missouri Department of Corrections, plaintiff must have filed his Informal Resolution Request relating to the occurrence against defendant Williams within fifteen (15) days of the occurrence. *See Porter v. Sturm*, 781 F.3d 448 (8th Cir. 2015) (recognizing the steps in Missouri Department of Correction's administrative procedure process and the time periods involved in each step). As the Court found after review of all of plaintiff's medical grievances filed while he has been incarcerated at MECC, none of the IRRs or grievances filed by plaintiff include the claims at issue in the present lawsuit. As a result, the Court is still persuaded that this action should be dismissed due to plaintiff's failure to properly and fully exhaust his prison remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the Court has reviewed plaintiff's "Motion in Opposition of Defendant's Motion to Dismissal" [Doc. #36] and finds that the Memorandum and

Order and Order of Dismissal [Doc. #33 and #34] entered on February 24, 2016, was appropriate and need not be modified in light of the arguments contained in plaintiff's motion in opposition.

**IT IS FURTHER ORDERED** that plaintiff's post-dismissal request for appointment of counsel [Doc. #36] is **DENIED AS MOOT**.

Dated this 2nd day of March, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE